[No. 20410. Department Two. February 2, 1927.]

CHRIS NILSEN EKEBERG, *Respondent,* v. THE CITY OF
TACOMA, *Appellant.*[1]

[1] TRIAL (101)—INSTRUCTIONS—ALREADY GIVEN. It is not error to refuse a requested instruction which would tend to confusion with the usual and proper instruction already given on the same subject.

[2] DAMAGES (43)—MEASURE—INJURIES TO PERSON—MODE OF ESTIMATING—COMPARISON WITH INDUSTRIAL INSURANCE. In an action for personal injuries, a requested instruction that the jury may consider the amount given by the industrial insurance law for similiar injuries is properly refused.

[3] SAME (109, 111)—EVIDENCE—HEALTH AND IMPAIRMENT OF EARNING CAPACITY. In an action for personal injuries, it is proper to refuse a requested instruction to the effect that the question of the permanency of the injuries is to be determined by the evidence of physicians and surgeons.

[4] SAME (86) — INJURY TO ARM AND HAND — EXCESSIVENESS OF AWARD. A verdict for $13,000 for personal injuries will not be held excessive where all the witnesses agreed that the plaintiff's condition was serious, that he would suffer severely for a long time from muscular contraction or pinched spinal nerve, involving loss of use of his left arm and hand, and that his condition was permanent and might grow worse.

Appeal from a judgment of the superior court for Pierce county, Douglas, J., entered August 26, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for personal injuries. Affirmed.

*E. K. Murray, Leo Teats* and *Bartlett Rummel,* for appellant.

*J. Charles Dennis,* for respondent.

TOLMAN, J.—This is an action to recover for personal injuries received by a passenger on a municipal street railway car which was precipitated through the open draw of a bridge into the water some eighty feet below. The city admitted liability, and the question of

[1]Reported in 252 Pac. 915.

the amount of damages was tried to a jury, which rendered a verdict in favor of the plaintiff in the sum of $13,000. From a judgment on the verdict the city has appealed.

Errors are assigned upon the refusal of the trial court to give three requested instructions, but the principal question raised and argued here is as to the amount of the verdict.

[1] The first requested instruction relates to the respondent's future earning capacity. On this subject the trial court gave the usual instruction, which was not excepted to and is not now questioned; and though the one requested does not misstate the law, yet clearly to give both would have tended toward confusion rather than clarity, and it was not error to choose and give the instruction which has so often been passed upon by this court.

[2] The second requested instruction was intended to call to the attention of the jury the amount of awards provided by the industrial insurance act for similar injuries, with the qualifying words, "You are not bound by these amounts, but you may take them into consideration in determining the amount of your award." We know of no reason or authority for such an instruction. The industrial insurance act provides for insurance, not compensation, while one injured by the wrongful act of another is entitled to recover such sum as will fairly compensate him for the injury sustained.

[3] The third request was for an instruction on the question of the permanency of the injury, and the court was asked to say that "it is your duty to arrive at the question of permanency from the evidence of physicians and surgeons." The question of permanency, like any other, must be determined from all of the competent evidence in the case, and here several wit-

nesses who could not be classed as physicians or surgeons gave testimony which the jury was bound to consider. The requested instruction was properly refused.

[4] Upon the main question, much might be said and but little be accomplished thereby. The case was tried approximately · six months after the accident. Respondent had suffered intensely, and there was ample evidence to justify the jury in finding that he would suffer severely for a long time to come.· There was considerable conflict in the expert testimony as to whether the respondent, as the result of his injuries, was suffering from a "Volkmann's contracture" or a "pinched muscular spiral nerve," but all agreed that his condition was serious. One school held to the view that the respondent had lost ninety per cent of the use of his left arm and hand, with the possibility of a two or three per cent improvement, or that, instead of improvement, his condition might grow worse. The other school thought that, by an operation upon the nerve which they considered affected, there was a chance for considerable improvement. The testimony of one of these will bear the construction that, in his opinion, there was a very fair chance that such an operation might restore the use of the arm to an extent which would permit the respondent to again labor at his occupation as a logger. The jury evidently found that the injury was permanent, which was their privilege, and, under all the facts and circumstances disclosed by the record, we cannot say that the amount of the verdict is such as to show that it was arrived at as the result of passion and prejudice.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.